UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE FARM MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) ) ) |
| INDIANAPOLIS PUBLIC TRANSPORTATION COMPANY, IVAN RESENDIZ, NORBERTO D. BENEDETTI-ALVAREZ, ANALIA BENEDETTI, and JOHN DOE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, State Farm Mutual Insurance Company ("State Farm"), by counsel, for its cause of action against the Defendants, alleges, and states, the following:

**I.   PARTIES AND JURISDICTION**

1.1   Plaintiff, State Farm, is an Illinois corporation, with a principal place of business and nerve center in Bloomington, Illinois.  At all times material hereto, State Farm was duly authorized to transact the business of insurance within the State of Indiana.

1.2   Defendant, Indianapolis Public Transportation Corporation ("IndyGo"), is a municipal Indiana corporation, that operates a public transit system for the City of Indianapolis, within the boundaries of Marion County, Indiana.

1.3   Defendant, Ivan Resendiz ("Resendiz"), was a citizen of the State of Indiana, residing in Marion County, Indiana, at the time of the subject incident.  His current whereabouts are currently unknown.

**1.4** Defendant, Norberto D. Benedetti-Alvarez ("Alvarez"), is a citizen of the State of Indiana, who resides in Marion County, Indiana.

**1.5** Defendant, Analia Benedetti ("Benedetti"), is a citizen of the State of Indiana, who resides in Marion County, Indiana.

**1.6** State Farm delivered the insurance policy at issue to its named insured, Norberto D. Benedetti-Alvarez, in Marion County, Indiana.

**1.7** The alleged conduct of Resendiz took place in Marion County, Indiana.

**1.8** The amount in controversy, exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

**1.9** Venue lies in this Court, pursuant to 28 U.S.C. § 1391(b).

**1.10** This Court has personal jurisdiction over State Farm, IndyGo, Resendiz, Alvarez, and Benedetti.

## II.   FACTS

**2.1** State Farm incorporates herein by reference the allegations contained within rhetorical paragraphs 1.1 through 1.10 of this Complaint.

**2.2** At all times material hereto, Alvarez owned a certain 2011 Dodge Charger (the "Charger").

**2.3** On, or about, August 7, 2017, State Farm issued its Insurance Policy No. 338-1662-B02-14C to Alvarez as the named insured, with effective dates of coverage including September 7, 2019.  (the "Policy").

**2.4** A true and correct copy of the Insurance Policy is attached hereto as Exhibit "1," and is incorporated herein by reference.

**2.5** The Charger was the only vehicle listed on the policy.

**2.6** On, or about, September 7, 2019, Alvarez possessed the Charger and had not given, transferred, or delivered it to Resendiz.

**2.7** On, or about, September 7, 2019, Resendiz did not ask Alvarez for permission to drive the Charger.

**2.8** On, or about, September 7, 2019, Alvarez did not give Resendiz permission to drive the Charger.

**2.9** On, or about, September 7, 2019, Resendiz was driving the Charger when it was involved in a collision at the IndyGo bus stop on Shelby Street, located in Indianapolis, Marion County, Indiana (the "Accident").

**2.10** IndyGo alleges that it suffered damages as a result of the Accident.

**2.11** On January 13, 2021, IndyGo filed its "Complaint for Damages" against Resendez, Alvarez, and John Doe Company, in the following legal proceeding: *"Indianapolis Public Transportation Corporation, Plaintiff, vs. Ivan Resendiz, Norberto D. Benedetti-Alvarez, Analia Benedetti, and John Doe Company, Defendants,"* Cause No. 49D04-2101-CT-001199, Marion Superior Court No. 4 (the "Lawsuit").

**2.12** A true and correct copy of the Complaint is attached hereto as Exhibit "2," and is incorporated herein by reference.

**2.13** The Lawsuit's Complaint proceeds against Resendiz on the theory of negligence.

**2.14** On February 19, 2021, IndyGo filed its "Amended Complaint for Damages," adding Benedetti to the Lawsuit.

**2.15** A true and correct copy of the Amended Complaint is attached hereto as Exhibit "3," and is incorporated herein by reference.

**2.16** The Lawsuit's Amended Complaint proceeds against Alvarez and Benedetti on the theory of negligent entrustment.

**2.17** IndyGo seeks property damage coverage benefits from Alvarez's insurer, State Farm, for Resendiz's alleged negligence and negligent entrustment.

**2.18** State Farm hired THRELKELD STEVENSON to defend Resendiz against the Lawsuit. Said defense is being provided pursuant to a full and complete reservation of rights under the Policy.

### III. THE POLICY LANGUAGE AND CONTROVERSY

**3.1** State Farm incorporates herein, by reference, the allegations contained within rhetorical paragraphs 2.1 through 2.17 of this Complaint.

**3.2** The Policy's Liability Coverage insuring agreement reads as follows:

*Insured* means:
1. *you* and *resident relatives* for:
   a. the ownership, maintenance, or use of:
      (1) *your car*:
      (2) a *newly acquired car*; or
      (3) a *trailer*; and
   b. the maintenance or use of:
      (1) a *non-owned car*; or
      (2) a *temporary substitute* car;
2. the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;
3. any other *person* for his or her use of:
   a. *your car*;
   b. a *newly acquired car*;
   c. a *temporary substitute car*, or
   d. a *trailer* while attached to a *car* described in a., b., or c. above.
Such vehicle must be used within the scope of *your* consent; and
4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in terms 1., 2., or 3. Above, but only for such vicarious

liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

**3.3** The Policy defines the term "you" or "your" as follows:

*You* or *Your* means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then *"you"* or *"your"* includes the spouse of the first *person* shown as a named insured if the spouse resides primarily with the named insured.

**3.4** The Insuring Agreement reads as follows:

1. *We* will pay:
    a. damages an *insured* becomes legally liable to pay because of:
        (1) *bodily injury* to others; and
        (2) damage to property
        caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;
    b. attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages; and
    c. court costs charged to an *insured* and resulting from that part of a lawsuit:
        (1) that seeks damages payable under this policy's Liability Coverage; and
        (2) against which *we* defend an *insured* with attorneys chosen by *us*.

**3.5** The "named insured" shown in the Policy's Declarations is Alvarez.

**3.6** Resendiz is not shown as a "named insured" in the Policy's Declarations.

**3.7** At the time of the Accident, Resendiz was not the spouse of Alvarez, or a resident of Alvarez's household.

**3.8** At the time of the Accident, Resendiz did not have express permission from Alvarez to use the Charger.

**3.9** At the time of the Accident, Resendiz did not have an ownership or possessory right to the Truck.

**3.10** At the time of the Accident, there was no legally cognizable relationship between Alvarez and Resendiz.

5

**3.11** At the time of the Accident, Resendiz was using the Charger without a reasonable belief that he was entitled to do so.

**3.12** The Lawsuit's Amended Complaint against Resendiz is subject to the Policy's Exclusions.

**3.13** An actual controversy exists between the parties hereto, concerning whether State Farm has a duty under the Policy to defend Resendiz against the Lawsuit:

> **(a)** Resendiz contends that State Farm has a duty under the Policy to defend Resendiz against the Lawsuit;
>
> **(b)** State Farm contends that it has no duty under the Policy to defend Resendiz against the Lawsuit;
>
> **(c)** Alvarez, Benedetti, and John Doe Company have been joined in this action by virtue of their interest in the resolution of the duty to defend issue.

**WHEREFORE**, State Farm respectfully requests the following relief:

**A.** That the Court declare that State Farm has no duty under the Policy to defend Resendiz against the Lawsuit;

**B.** Costs; and

**C.** Such further relief as the Court deems just and proper.


Respectfully Submitted,

KOPKA PINKUS DOLIN PC


By: */s/ Dominique N. Nelson*
    Dominique N. Nelson (#31532-53)
    Attorney for State Farm Insurance Co.

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN  46032
Tel:      (317) 818-1360
Fax:     (317) 818-1390
Email: dnnelson@kopkalaw.com

## CERTIFICATE OF SERVICE

 I hereby certify that on the 31st day of May, 2022, the foregoing has been filed through the Court's ECF system and notice has been electronically served on all counsel of record via electronic mail:

 Tatum Finis, IV          Benjamin G. Stevenson
 ftatum@tlgindy.com        bstevenson@threlkeld-legal.com

 Brandy M. Kumfer
 indi.law-indyclc@statefarm.com


              *Dominique N. Nelson*


KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN  46032
Tel:      (317) 818-1360
Fax:     (317) 818-1390
Email: dnnelson@kopkalaw.com